IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REGIONS INSURANCE, INC.,          *
                                        *
                Plaintiff,        *
                                        *
vs.                                *     No. 4:08CV00136 SWW
                                        *
JOSEPH DOUGLAS MAYO,          *
                                        *
                Defendant.     *

**Memorandum Opinion and Order**

Pending before the Court is defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) or, in the alternative, to transfer venue. For the reasons stated below, the motion is denied.

Much of the background of this case was set out in the Court's March 31, 2008, Order granting plaintiff's motion for a preliminary injunction. Briefly, defendant began working for Rebsamen Insurance Company (now Regions Insurance, Inc.) on August 1, 2006. That was the day defendant's former employer, Consolidated Insurance Group, was sold to Rebsamen, and the day defendant signed the employment agreement at issue here. Among other things, the agreement prohibits defendant from soliciting customers of Rebsamen for a period of two years following termination of his employment. On December 17, 2007, defendant resigned from his position at Rebsamen. He went to work for one of plaintiff's competitors, and admits he called upon at least three Rebsamen customers.

Plaintiff, an Arkansas corporation, filed a complaint in state court and defendant removed it to this court pursuant to 28 U.S.C. § 1441. Defendant now moves to dismiss the action, arguing the Court lacks personal jurisdiction over him. Plaintiff responded in opposition to the motion, and

defendant filed a reply.

Defendant argues his contacts with the state of Arkansas are insufficient for the Court to exercise personal jurisdiction over him. The two-part test governing the jurisdictional issue is first, whether the forum state's long-arm statute is satisfied, and second, whether the exercise of jurisdiction comports with due process. *Oriental Trading Co. v. Firetti,* 236 F.3d 938, 943 (8th Cir. 2001); *Clune v. Alimak AB,* 233 F.3d 538, 541 (8th Cir. 2000). Because Arkansas's long-arm statute gives courts personal jurisdiction of all persons and causes of action "to the maximum extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution," Ark.Code Ann. § 16-4-101, the only question is whether the exercise of personal jurisdiction in this case comports with due process. *See Steinbuch v. Cutler,* 518 F.3d 580, 585 (8th Cir. 2008); *Anderson v. Dassault Aviation,* 361 F.3d 449 (8th Cir. 2004).

Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)(quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). The defendant's conduct and connection with the forum state must be such that defendant should "reasonably anticipate begin haled into court there." *Burlington Industries, Inc. v. Maples Industries, Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996). The minimum contact inquiry focuses on whether the defendant purposefully availed himself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws. *Steinbuch,* 518 F.3d at 586.

The Supreme Court has recognized two theories for finding personal jurisdiction: general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S.

408, 414-15 (1984).  "General jurisdiction exists where the contacts between the defendant and the forum state are 'continuous and systematic' even if there is no relationship between the contacts and the cause of action."  *Johnson v. Woodcock,* 444 F.3d 953, 956 (8th Cir. 2006).  Specific jurisdiction exists when the controversy is 'related to' or 'arises out of' the defendant's contacts with the forum state. *Id.*

The Eighth Circuit has established a five-factor test to determine the sufficiency of a defendant's contacts: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.  *Burlington Industries*, 97 F.3d at 1102.  The first three factors are of primary importance.  *Id.*  The third factor - the relationship of the cause of action to the contacts - applies only in the specific jurisdiction context and is immaterial in a general jurisdictional inquiry.  *Steinbuch,* 518 F.3d at 586.

The plaintiff has the burden to show personal jurisdiction exists.  *Burlington Industries,* 97 F.3d at 1102.  The plaintiff, however, need only make a *prima facie* showing of jurisdiction.  *Epps v. Stewart Information Services Corp.,* 327 F.3d 642, 646 (8th Cir. 2003).  If the court does not hold a hearing and instead relies on pleadings and affidavits, as is the case here, the court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party.  *Dakota Industries, Inc. v. Dakota Sportswear,* 946 F.2d 1384, 1387 (8th Cir. 1991).

Defendant argues there is no evidence he has "continuous and systematic contacts" with Arkansas such that this Court may exercise general jurisdiction over him, and there is no evidence to support specific jurisdiction because plaintiff's cause of action does not "relate to" or "arise out of" his actions or contacts in the state of Arkansas.

The facts are undisputed that defendant worked out of plaintiff's Texarkana, Texas office. Defendant admits he visited plaintiff's principal office in Little Rock, Arkansas, twice: once to attend a marketing meeting and once to discuss his working conditions.   Defendant admits he solicited the business of a customer of plaintiff who is located in Texarkana, Arkansas, and this contact allegedly violated his employment agreement.   Plaintiff argues that this single solicitation gives the Court personal jurisdiction over defendant.

Viewing the evidence in the light most favorable to plaintiff and resolving all factual conflicts in its favor, the Court finds plaintiff has made a *prima facie* showing of personal jurisdiction over defendant.  As noted previously, specific jurisdiction requires that the cause of action arise out of or be related to the defendant's contacts with the forum state.  *Epps,* 327 F.3d at 648.  Specific jurisdiction can arise from a single contact with the forum state.  *Fulton v. Chicago, Rock Island & P.R. Co.,* 481 F.2d 326, 334-6 (8th Cir. 1973).  Here, defendant signed an agreement with plaintiff, his Arkansas employer, not to solicit plaintiff's customers and then contacted three of plaintiff's customers, one of whom was located in Arkansas.  Plaintiff's claims are based on defendant's alleged violation of the agreement.  The Court finds that defendant purposefully directed his activity to a resident of Arkansas violating an agreement he had with a resident of Arkansas.  The Court finds the requirements of due process are met and the motion to dismiss should be denied.

Defendant asserts in the alternative that this case should be transferred on the grounds of improper venue pursuant to 28 U.S.C. § 1406(a).  The Court previously found venue is proper in this court.  *See* docket entry 19.  Further, because this action was removed pursuant to 28 U.S.C. §

1441(a), the provisions of 28 U.S.C. § 1406(a) are inapplicable.[1]  Section 1404 (a) governs the ability

of a district court to transfer a case to another district.  It provides: "For the convenience of parties

and witnesses, in the interests of justice, a district court may transfer any civil action to any other

district or division where it might have been brought."   Because defendant has not argued or

presented evidence in support of a transfer pursuant to § 1404(a), the motion to transfer is denied at

this time.

IT IS THEREFORE ORDERED that the motion to dismiss or in the alternative to transfer

based on improper venue [docket entry 28] is denied.

DATED this 25th day of November 2008.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1]Under § 1441 (a), venue is proper for an action that has been removed in "the district court of the
United States for the district and division embracing the place where such action is pending."   Section
1406(a) addresses cases "laying venue in the wrong division or district."